MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 137
Docket:        Cum-18-104
Submitted
  On Briefs:   September 26, 2018
Decided:       October 4, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

## IN RE CHILD OF TIFFANY F.

PER CURIAM

[¶1]  Tiffany F. appeals from a judgment of the District Court (Portland, *Powers, J.*) finding circumstances of jeopardy to her newborn child's health and welfare pursuant to § 4035(4-A) (2017).  She argues that the evidence was insufficient to support the trial court's finding of jeopardy.  Because the record evidence supports the court's finding and determination of jeopardy, we affirm the judgment.

## I.  BACKGROUND

[¶2]  On November 28, 2017, after receiving several reports regarding the care and safety of the newborn child, the Department of Health and Human Services visited the mother and child in the hospital.  The next day, concerned about the mother's inability to properly care for the child, particularly her failure to properly support the newborn's head and her noncompliance with medical advice and breastfeeding instructions, the Department facilitated a

2

family team meeting during which the caseworker, the mother, and a maternal aunt agreed that the child would be released to the care of the maternal aunt upon discharge from the hospital.

[¶3]  The Department filed a petition for a child protection order on January 2, 2018, when the child was approximately five weeks old.  *See* 22 M.R.S. § 4032 (2017).  The petition alleged that the mother was unable to safely care for the child, declined to follow the medical recommendations of hospital staff, repeatedly co-slept with the child in the hospital, and refused to supplement the child's feedings with formula when the newborn began to lose weight following birth.  On February 8 and 9, 2018, the court held a jeopardy hearing and made oral findings that the child was in circumstances of jeopardy. *See* 22 M.R.S. § 4035(1) (2017).  On February 13, the court (*Powers, J.*), after reaching findings of fact by a preponderance of the evidence, entered a jeopardy order granting custody to the Department.  *See* 22 M.R.S. § 4035(2) (2017).  The court made the following findings of fact, which are supported by competent record evidence.  *See In re Destiny T.*, 2009 ME 26, ¶ 14, 965 A.2d 872.

> It is likely that [the mother] failed to support the child's head, attempted to co-sleep with her child, disregarded breast-feeding instructions, refused recommended shots for the child, refused to supplement insufficient breast milk with formula . . . .  She did

independent research on various parenting and health topics, some of which apparently convinced her to act in opposition to recommended medical and proper parenting advice she received in the hospital and thereafter. In some instances, she did eventually . . . follow recommended procedures. Her refusals went beyond proper questioning and became obstructive and potentially harmful to the vulnerable newborn.

. . . .

. . . [The mother] has sadly experienced traumatic brain injury in 2004 from a car accident, which still caused residual impairments involving attention, memory, and otherwise per a 2009 neuropsychological evaluation.

. . . .

The jeopardy is summarized as the mother's ongoing failure to accept medical and parenting advice regarding her newborn [child], coupled with unsafe decision-making involving her [child] which placed [the child] at risk with a threat of serious harm and deprivation of proper health care.

. . . .

. . . The mother needs services and support before she is able to care safely for [the child] independently.

[¶4]  Based on these findings, the court found, by a preponderance of the evidence, circumstances of jeopardy to the child's health and welfare.  *See* 22 M.R.S. §§ 4002(6)(A)-(B), 4035(2) (2017).  The mother appeals.  *See* 22 M.R.S. § 4006.

4

## II. DISCUSSION

[¶5] The mother challenges the sufficiency of the evidence supporting the jeopardy finding. We review the District Court's findings of fact for clear error; those findings will be upheld unless "there is no competent record evidence that can rationally be understood to establish as more likely than not that the child was in circumstances of jeopardy to his health and welfare." *In re M.E.*, 2014 ME 98, ¶ 16, 97 A.3d 1082 (quotation marks and citations omitted). Contrary to the mother's contentions, the court's findings as to the mother's inability to adequately care for the child and to make safe decisions with regard to necessary health care are fully supported by competent evidence in the record. Therefore, we conclude that the District Court did not err in finding that the child was in circumstances of jeopardy. *See* 22 M.R.S. §§ 4002(6)(A)-(B), 4035(2); *In re M.E.*, 2014 ME 98, ¶ 16, 97 A.3d 1082.

The entry is:

> Judgment affirmed.

---

Caitlin Ross Wahrer, Esq., Chester & Vestal, P.A., Portland, for appellant Mother

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee State of Maine

Portland District Court docket number PC-2018-1
FOR CLERK REFERENCE ONLY