MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2019 ME 20
Docket:      Han-18-350
Submitted
  On Briefs: January 17, 2019
Decided:     February 5, 2019

Panel:       ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## IN RE CHILDREN OF TRAVIS G.

PER CURIAM

[¶1]  Travis G. and Kathleen T. appeal from an order entered by the District Court (Ellsworth, *Roberts, J.*) finding that their minor children are in jeopardy pursuant to 22 M.R.S. § 4035 (2017).  The mother and father challenge the sufficiency of the evidence supporting the court's findings, by a preponderance of the evidence, that the children are in jeopardy.  We affirm the judgment.[1]

### I. BACKGROUND

[¶2]  The Department of Health and Human Services filed a child protection petition against the mother and father as to their three minor

---

[1]  Additionally, the mother and father contend that the court erred by finding that the Department of Health and Human Services made reasonable efforts to prevent removal of the children, and erred by finding that the Department made reasonable efforts to reunify and rehabilitate the family.  *See* 22 M.R.S. 4036-B(3), 4041 (2017).  Contrary to the mother and father's assertions, there is competent record evidence to support the court's findings, and we will not address these contentions further.  *See In re Doris G.*, 2006 ME 142, ¶¶ 8-9, 14-17, 912 A.2d 572.

2

children in February 2018, alleging that the mother and father chronically neglected the children's medical and developmental needs, failed to provide safe and sanitary housing, and failed to adequately supervise the children. After a three-day testimonial hearing, by order dated July 31, 2018, the court found by a preponderance of the evidence that the children were in circumstances of jeopardy to their health and welfare. *See* 22 M.R.S. § 4035.

[¶3] The court based its findings of jeopardy on the following factual findings, which are supported by competent record evidence.[2] *See id.* § 4035(2). With regard to the mother, the court found:

> Mother: [Infant child] has gross motor delays. She was in the 1st percentile for weight when she entered State custody. [Middle child's] vaccinations were delayed. [Middle child and oldest child] had elevated Ages and Stages evaluation scores indicating significant developmental delays. [Mother] lacks the ability to care for 3 children on her own at this time. She needs to learn [to] develop better parenting skills and demonstrate an attachment to her children. Their current residence, with Father's parents[,] is not suitable for children of their ages due to unsanitary conditions. [Mother's] level of commitment to her relationship with [father] is questionable and may impact her attachment to their children.

With regard to the father, the court found:

> Father . . . lacks the ability to provide significant assistance to [paternal grandmother]. He does not have the ability to care for

---

[2] Neither parent moved for additional findings of fact pursuant to M.R. Civ. P. 52(a) after the court entered its judgment.

the children on his own as he is working and attempting to establish a safe home for the family. [Father's] level of commitment to [mother] is questionable as well. He cannot provide the children the assistance that they need at this time to overcome their developmental delays.

[¶4] The mother and father timely appeal the court's findings of jeopardy. *See* 22 M.R.S. § 4006 (2017); M.R. App. P. 2B(c)(1).

## II. DISCUSSION

[¶5] The mother and father raise challenges to the sufficiency of the evidence to support the court's findings of jeopardy. We review the court's findings for clear error, and will affirm the court's jeopardy determination "if any evidence in the record can rationally be understood to establish as more likely than not that the [children were] in circumstances of jeopardy to [their] health and welfare." *See In re Destiny T.*, 2009 ME 26, ¶ 14, 965 A.2d 872.

[¶6] Contrary to the mother and father's contentions, there is competent record evidence that can rationally be understood to establish as more likely than not that the children are in circumstances of jeopardy. *See In re E.L.*, 2014 ME 87, ¶¶ 12-14, 96 A.3d 691. The evidence presented establishes that the mother and father have neglected the health and welfare of the three children and placed them in a threat of serious harm. *See* 22 M.R.S. § 4002(6)(A) (2017). Specifically, the evidence demonstrates that

the mother and father have neglected the children's medical and developmental needs and have failed to provide appropriate housing for the three children. *See In re Dorothy V.*, 2001 ME 97, ¶ 8 n.2, 774 A.2d 1118. Because the court's findings are supported by competent record evidence, we do not disturb the court's determination that the children are in circumstances of jeopardy. *See* 22 M.R.S. §§ 4002(6)(A), 4035; *In re Child of Tiffany F.*, 2018 ME 137, ¶ 5, 195 A.3d 84.

The entry is:

> Judgment affirmed.

---

Mary Kellett Gray, Esq., Brooklin, for appellant mother

William B. Blaisdell, IV, Esq., Blaisdell & Blaisdell, Ellsworth, for appellant father

Janet T. Mills, Attorney General, and Hunter Umphrey, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Ellsworth District Court docket number PC-2018-05
FOR CLERK REFERENCE ONLY