MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2020 ME 62
Docket:        Cum-19-416
Submitted
  On Briefs:   May 4, 2020
Decided:       May 12, 2020

Panel:         MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## IN RE CHILD OF JASMINE B.

PER CURIAM

[¶1]  Jasmine B. appeals from a judgment of the District Court (Portland, *Eggert, J.*) finding that her child is in circumstances of jeopardy pursuant to 22 M.R.S. § 4035(2) (2020) and ordering that the child remain in the custody of the Department of Health and Human Services.  She argues that the evidence was insufficient to support the court's finding that the child is in jeopardy.  We affirm the judgment.

[¶2]  The Department sought a child protection order and preliminary protection order for the child, who was then two years old, on May 24, 2019. The Department's petition alleged that the child was at risk of serious harm due to the mother's volatility, including her violent and erratic behavior, and her lack of safe and stable housing.  A Department employee's affidavit filed with the petition also recounted the Department's two-year history with the mother, including several instances of the mother placing the child in unsafe

situations. The court (*Stanfill, J.*) entered a preliminary order that same day, placing the child in the Department's custody. In early June of 2019, after a contested summary preliminary hearing, the court (*Cashman, J.*) entered an order continuing the preliminary protection order in effect and noting that the mother "had two mental health-related episodes" over the previous two months, which resulted in "hospital visits for evaluations," and had "made statements of self-harm and was not in a position to care for [the child]." *See* 22 M.R.S. § 4034(4) (2020).

[¶3] The court (*Eggert, J.*) conducted a contested jeopardy hearing over two days in September of 2019. Based on the evidence presented at that hearing, by order dated September 12, 2019, the court determined that the child was in circumstances of jeopardy.[1] *See* 22 M.R.S. § 4002(1), (6) (2020). The mother timely appealed. *See* 22 M.R.S. § 4006 (2020); M.R. App. P. 2B(c)(1).

[¶4] The mother challenges the sufficiency of the evidence to support the court's finding that the child is in circumstances of jeopardy. We review the court's factual findings for clear error and will affirm its jeopardy determination "unless there is no competent record evidence that can

---

[1] The court also entered a jeopardy order as to the father on grounds of abandonment; he does not appeal from that order.

rationally be understood to establish as more likely than not that the child was in circumstances of jeopardy to his or her health and welfare." *In re Children of Troy H.*, 2019 ME 154, ¶ 5, 218 A.3d 750 (quotation marks omitted).

[¶5]  The court made the following findings of fact, which are supported by competent record evidence.  *See id.*

> [The m]other has had great difficulty managing her emotions both before DHHS involvement and since the filing of this petition.  She has threatened to commit suicide when she has been frustrated which would pose significant risks to [the child].  She has real anger issues which cause her to react volubly against others and to threaten to give up as it is too hard.  [The child] would not be safe in her care until she has learned to control her emotions and to recognize the impact of her actions on [the child] and others . . . .

[¶6]   These findings are supported by substantial evidence of the mother's erratic and unsafe behavior, including testimony regarding threatening text messages the mother had sent to the relative currently caring for the child; the mother's violent outbursts at another relative with whom she had been staying, including "banging her head in the wall that eventually created a hole" and backing her car into the relative's car; and threats the mother made to Department employees, including statements that "sometimes she can control her mental health issues, but not always" and that

"people like [her] were the reason why there's shootings." Contrary to the mother's contentions, the court did not err in finding that returning the child to the mother's custody would subject the child to a threat of serious harm.[2] *See* 22 M.R.S. § 4002(6); *In re Child of Tiffany F.*, 2018 ME 137, ¶ 5, 195 A.3d 84.

The entry is:

Judgment affirmed.

---

Jason A. MacLean, Esq., Bridgton, for appellant mother

Aaron M. Frey, Attorney General, and Zack Paakkonen, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Portland District Court docket number PC-2019-28
FOR CLERK REFERENCE ONLY

---

[2] The court's finding that the Department made reasonable efforts to prevent removal of the child, including "referral for counseling, arranging family team meetings, providing regular visitation, and caseworker services," is also fully supported by the record. *See* 22 M.R.S. § 4036-B(3) (2020); *In re Children of Travis G.*, 2019 ME 20, ¶ 1 n.1, 201 A.3d 1224; *In re Dakota P.*, 2005 ME 2, ¶¶ 11-14, 863 A.2d 280.